IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 12 CR 80151 DMM

UNITED STATES OF AMERICA,

vs.

FRANK JOSEPH SMITH

Defendant.

_____/

**DEFENDANT'S REQUEST FOR VARIANCE FROM THE ADVISORY
SENTENCING GUIDELINE RANGE**

FRANK SMITH, by and through the undersigned counsel, files the following request for a

variance from the advisory sentencing guideline range established in this case for the reasons stated

below.

The sentencing guidelines "should be the starting point and the initial benchmark" in all

sentencing proceedings. *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586,596, 169 L.Ed.2d 445

(2007).

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to

consider every convicted person as an individual and every case as a unique study in the human

failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."

*United States v. Grober*, 595 F.Supp.2d 382, (D. New Jersey 2008) citing *Koons v. United States*, 518

U.S. 81, 113, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996)

Within the Sentencing Reform Act of 1984, Congress gave specific direction to the

sentencing judges, as well as the Sentencing Commission. This central directive instructs district

courts to impose a sentence sufficient, but not greater than necessary, to accomplish the goals of sentencing. *Kimbrough v. United States*, 128 S.Ct. 558, 570 (2007). In *United States v. Booker*, the Supreme Court excised portions of the Sentencing Reform Act that had previously limited the courts' ability to sentence outside the guideline range except in extraordinary circumstances, and reiterated that 18 U.S.C. § 3553(a) provides the remaining criteria for determining the sentence. 543 U.S. 220, 259 (2005).

There is no presumption that the guideline range is the reasonable and appropriate sentence. Under the terms of the statute, judges must consider the guidelines, but there can be no thumb on the scales for the guidelines. *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 602 (2007); *Kimbrough*,128 S.Ct. at 564, 570. The sentencing judge may "hear arguments by prosecution and defense that the Guidelines should not apply [.]" *Rita*, 127 S.Ct. at 2465. Those arguments may be that the case falls outside the "heartland" and thus warrants a departure or that the guideline range "fails properly to reflect § 3553(a) considerations," or simply that "the case warrants a different sentence *regardless*." *Rita v. United States*, 551 U.S. 338, 127 S.Ct.2456, 2465 (2007)(emphasis added). The sentencing judge may not apply "a legal presumption that the Guidelines sentence should apply,"*id.,* and " may not presume . . . that the Guideline range is reasonable," *Gall*. 128 S.Ct. at 596-97.

To clear up any lingering doubt, the Supreme Court in *Nelson v. United States*, 555 U.S. 350,(2009), stated:

> Our cases do not allow a sentencing court to presume that a sentence within the applicable Guideline range is reasonable. In *Rita* we said as much, in fairly explicit terms: 'We repeat the . . . [T]he sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply . . . 'and in *Gall* we reiterated that the district judges in considering how the various statutory sentencing

factors apply to an individual defendant 'may not presume that the Guidelines range is reasonable' . . . ***The Guidelines are not only not mandatory on the sentencing court; they are also not to be presumed reasonable***."

(Emphasis Added)

This Court must fashion a reasonable sentence keeping the following statutory goals in mind: (a) the sentence must take into consideration the nature and circumstances of the offense and the history and characteristics of the defendant; (b) the sentence must reflect the seriousness of the offense; promote respect for the law; and provide just punishment; (c) the sentence must afford both general and specific deterrence; (d) the sentence must provide the defendant with needed correctional treatment in the most effective manner; and (e) the Court must consider the kinds of sentences available in the sentencing range of the type of offense committed by the defendant.

Looking at the **nature and circumstances of the offense**, on February 9, 2012, special agents from the Federal Bureau of Investigation (FBI) interviewed FGC, a cooperating witness as part of a child prostitution investigation.  FGC reported that, approximately two weeks earlier, she responded to a prostitution call with an older while male named "Frankie," and he showed her videos from his cellular telephone that depicted what appear to be underage females engaging in sexually explicit conduct.  A subsequent investigation revealed that the defendant admittedly was seeking a prostitute via the internet.  The posting for the prostitute he solicited represented that the female was 18 years of age. Subsequently the Defendant learned that TH was a minor.  Additionally, the investigation uncovered that the Defendant participated in, videotaped and/or photographed sexual conduct with and between two minor females, BH and TH.

The **history and characteristics of the defendant** shows that Frank Smith is 59 years old. He has a high school education and attended the University of Florida and Georgia State University,

but has no specialized training, skills or professional licenses.   Prior to his arrest Defendant was in a retirement status and had worked full time employment throughout his adult life.

Any sentence this Court imposes must **reflect the seriousness of the offense; promote respect for the law; provide just punishment** and **afford both specific and general deterrence**. Defendant's advisory guideline range is 360 months to life. There is a minimum penalty of fifteen (15) years, and a statutory maximum penalty of thirty (30) years. By setting these minimum and maximum penalties, Congress has determined that there will be cases where the offense conduct is so serious as to warrant a thirty (30) year sentence. Conversely, Congress concluded that there will be cases that while serious, warrant a sentence as low as fifteen (15) years in prison.

Each case is unique and stands alone. In the instant case there is absolutely no indication that Frank Smith does not respect the law. But for the instant conduct, he has lived his life following those rules set before him.  He consistently maintained full time employment throughout his adult years. He has no prior contact with the criminal justice system other than in 1977 when he was charged with public indecency (urinating in public) in Georgia and that charge was subsequently dismissed. Unfortunately, for reasons which will probably never fully be understood, Defendant Frank Smith became caught up in the illicit world of prostitution and committed the crime of child pornography. But his lack of criminal history, his ready admission of guilt, and his cooperation with law enforcement, strongly support the proposition that his is a treatable problem. With the proper help he should be able to return to society and live a productive and law abiding life.

Given the parsimony clause of § 3553(a), the goals of general and specific deterrence can be achieved by a term of imprisonment shorter than called for by the guidelines. Such a harsh sentence should be saved for only the worst offenders.

Finally, in looking to answer the question of what the just punishment is in this case §3553(a) instructs this Court to look at **the kind of sentences available, the sentencing range available for the type of sentence committed**, and the **need to provide the defendant with correctional treatment in the most effective manner**. As has been previously discussed, this Court's range of options is limited only by the 15 year mandatory minimum and the 30 year ceiling set by Congress. As to the sentencing guideline range available, it is clear that the particular guideline, § 2G2.2 does not reflect reasoned and sound judgment, and should not be considered a reasonable and appropriate sentencing option in this case.

Many district courts have imposed sentences far below the guidelines range for offenses involving the possession of child pornography. For example, in *United States v. Jacob,* 631 F. Supp.2d 1099, (N.D. Iowa 2009) the Court rejected the guideline sentence for Life and "parties' alternative guideline range"of 292-365 months in enticement of minor and transporting child pornography case as excessive and disproportionately harsh compared to the defendant's criminal conduct and history, and imposed 151 months with 10 years supervision.  In rejecting the guideline sentence the Court reasoned that  because §§2G2.1, 2G2.2, and §4B1.5 the enhancement for "pattern of activity involving sexual conduct" improperly skews sentences upward, without regard to defendant's history, specific conduct or degree of culpability, blurring distinctions between least and worst offenders and the Guideline does not reflect empirical analysis but congressional mandates that undermined the work of Sentencing Commission.  The Guideline does not take into consideration defendant's lack of judgement, social isolation, lack of significant criminal history and history of sexual offenses involving children, lack of risk of predatory sexual violence, and his support from friends and family.  In *United States v. Gellatly,* 2009 WL 35166 (D. Neb. 2009) *and United States*

*v. Phinney,* 599 F.Supp.2d 1037 (E.D.Wis., 2009) the court's ruled that non-guideline sentence was appropriate because the guidelines for possession of child pornography were overly harsh and did not reflect empirical research as to appropriate sentences for this offense.   In *United States v. Beiermann*, 599 F.Supp2d 1087 (N.D. Iowa 2009), the Court imposed a sentence of 90 months where guideline §2G2.2 recommended a prison term of 210-262 months.   The court categorically rejected guideline §2G2.2 because that guideline treats the worst and least offenders the same and drives the sentence towards the maximum even for defendants who have no criminal history and who have accepted responsibility for their offense.

It is clear that the Defendant Frank Smith has accepted responsibility for his actions.   He has fully cooperated in the government's investigation to this date.   The Sentencing Guidelines require that the defendant accept responsibility. The issue is whether or not there are exceptional circumstances justifying departure.   It is left for this Court to assess what constitutes that acceptance.

*United States v. Merritt*, 988 F.2d 1298 (2d.Cir. 1993) directs the District Courts to exercise their departure power with "sensible flexibility. *United States v. Taylor*, 843 F.Supp. 38, 43 (D.Ct.Pa. 1993).   The District Courts ought to properly use their sound judgment in crafting departures rather than rigid adherence to a table of numbers. See e.g., *United States v. Bierley*, 922 F.2d 1061, 1068 (3d Cir. 1990); *United States v. Correa-Vargas*, 860 F.2d 35, 40 (2d Cir. 1988); *United States v. Lara*, 905 F.2d 599, 604 (2d Cir. 1990).

In Merritt, the United States Court of Appeals for the Second Circuit stated that the exercise of the departure power is an essential ingredient in the sentencing system. *Id*. at 1306. While Merritt upheld an upward departure, it expressly spoke against any narrow view of departure power.   The Court further held that the Act that set up the Sentencing Commission emphasized the import of the

Page -6-

defendant's character. *Id.*   The Court concludes that, contrary to the widely held belief, the Sentencing Reform Act did not abolish consideration of the character of the defendant in sentencing. Id. 1307.  The characteristics of the Defendant are to be a central consideration in the fashioning of a just sentence. *Id.* Any disparities resulting from important character differences are not only warranted, but also clearly envisioned by the provisions of the Act. 28 U.S.C. 991(b)(1)(B).  The fact that characteristics are not ordinarily considered does not necessarily preclude their consideration as never relevant.  Had the Commission sought to introduce an absolute rule it would have done so explicitly.  A downward departure is appropriate based on a characteristic that is not ordinarily relevant where the consequences of that characteristic are detectable to an extreme outside the "heartland" of cases.

In this District, courts have also refused to follow the severe advisory guidelines produced by § 2G2.2. In the case of *United States v. Riley*, 655 F.Supp.2d 1298 (S.D. Fla. 2009), Judge King rejected the recommended sentencing range and sentenced the defendant to the statutory minimum term of 60 months.  In rejecting the advisory guideline range of 210 - 262 months, Judge King noted that the guidelines are entitled to deference when the Sentencing Commission produces them in accordance with their institutional role and where the guidelines are the result of a study of empirical data. However, Judge King concluded that little deference is owed to the guideline for child pornography cases since these guidelines did not exemplify the Sentencing Commission's exercise of its characteristic institutional role and empirical analysis. *Id*. at 1301.

The Eleventh Circuit has upheld sentences such as those described above, despite what are often significant departures from the advisory guideline range. *See, e.g., United States v. Gray*, 453 F.3d 1323 (11 Cir. 2006), (affirmed a variance to 72 months from the guideline range of 151 to 188 months).

Unlike other offense guidelines, § 2G2.2 is not the result of empirical data and study, but rather is the product of the Commission's attempt to deal with Congressional directives, direct amendments, and the enactment of mandatory minimum sentences. The result has been the creation of a guideline that produces advisory ranges that are too high compared to the statutory range, particularly in receipt and possession cases. The stark absence of offenders whose guideline range calculates at the low end of the statutory range because the numerous enhancements found at § 2G2.2 apply to almost every case, is a strong indication that the heartland characteristics are over-valued in this particular guideline. The operation of the guideline places almost all offenders at or near the statutory maximum penalty set by Congress, which makes it almost impossible to distinguish between offenders and offense behavior.

It is respectfully requested that this Court herein consider departure from the Sentencing Guidelines on the basis of the language of Title 18 U.S.C. 3553(a) which requires that a court impose a sentence "sufficient, but not greater than necessary to comply with the purposes" of sentencing. Those purposes have been defined by Title 18 U.S.C 3553(a)(2) as just punishment, deterrence, protection of the public and rehabilitation.  It has been held that this portion of the Sentencing Reform Act provides for departing from the Guidelines when the Court finds that the purposes of sentencing are not being served.  *Unites States v. Concepcion*, 795 F.Supp. 1262 (E.D.N.Y. 1992).

WHEREFORE, Defendant Frank Smith, respectfully requests the Honorable Court enter an a variance in sentence departing from the Sentencing Guidelines be granted.


RESPECTFULLY SUBMITTED

**By:** */s/ Stuart N. Kaplan*
STUART N. KAPLAN, ESQUIRE

Page -8-

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 19th day of December, 2012, was electronically filed the

foregoing document with the Clerk of Court using CM/ECF.

**KAPLAN & SCONZO, P.A.**
PGA Financial Plaza
3399 PGA Boulevard, Suite 180
Palm Beach Gardens, Florida 33410
Telephone: (561) 296-7900
Facsimile: (561) 296-7919

**By:** *<u>/s/ Stuart N. Kaplan</u>*
STUART N. KAPLAN, ESQUIRE
Florida Bar No.: 0647934